CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 8 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BRADLEY MAXWELL,**<br>Plaintiff, | Civil Action No. 7:12-cv-00477 |
| v. | **MEMORANDUM OPINION** |
| **HAROLD CLARKE, et al.,**<br>Defendants. | By:   Hon. Jackson L. Kiser<br>         Senior United States District Judge |

Bradley Maxwell, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants various staff of the Virginia Department of Corrections ("VDOC"), Red Onion State Prison, and Wallens Ridge State Prison. Plaintiff alleges in his complaint that defendants violated due process by initially refusing to house him in a graduated privilege program, falsely convicting him of institutional infractions once in the graduated privilege program, subsequently removing him from the graduated privilege program, and placing him in segregation. Plaintiff further complains that housing him in segregation precludes him from group prayer with fellow Rastafarians, in violation of the First Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and he concludes that defendants' acts constitute retaliation for his refusal to violate his Rastafarian faith by cutting his hair. Presently before me is plaintiff's motion for a temporary restraining order ("TRO"), asking me to order defendants to not apply the VDOC's policies about personal grooming to plaintiff.

The purpose of a TRO is to preserve the status quo and avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an

extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). I may issue a TRO without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b). The movant must also establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20-24 (2008). The moving party must certify in writing any effort made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b).

Plaintiff does not describe any effort he made to give notice of his motion for a TRO and the reasons why notice should not be required. Plaintiff also does not establish that he is likely to succeed on the merits. Most of the facts described in the complaint are past the two-year statute of limitations, plaintiff has no federal due process right to participate in a graduated privilege program, plaintiff has no federal right to access state grievance procedures, and conclusory accusations of retaliation do not afford a plaintiff relief. See, e.g., Sandin v. Conner, 515 U.S. 472 (1995); Owens v. Okure, 488 U.S. 235 (1989); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459 (4th Cir. 1990). Furthermore, defendants have not yet had the opportunity to explain a compelling governmental interest, pursuant to RLUIPA, even if plaintiff had alleged non-conclusory violations of federal rights. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Plaintiff does not establish any immediate,

irreparable injury or that the balance of equities tips in his favor because he receives adequate housing in segregation and does not allege that he is being forced to cut his hair.[1]

Efficient and effective penal administration furthers the public's interest, and involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Accordingly, plaintiff fails to satisfy the requirements for a TRO, and I deny his request.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 8th day of November, 2012.

Senior United States District Judge

---

[1] Notably absent from plaintiff's complaint is any allegation that VDOC officials ever compelled plaintiff to cut his hair.